IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BROOKE JUNKER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 3:22-cv-1962-DWD |
| | ) |
| **MASCOUTAH COMMUNITY SCHOOL DISTRICT 19 BOARD OF EDUCATION and TODD GOBER,** | ) ) ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is the Agreed Motion for the Entry of a Protective Order ("Agreed Motion") (Doc. 27). The parties have also submitted a Proposed Agreed Confidentiality Order for document productions. For the reasons explained below, the Court **GRANTS** the Agreed Motion and **ADOPTS** the Agreed Confidentiality Order at Doc. 28-1.

In her Complaint, Plaintiff alleges the Mascoutah Community School District 19 Board of Education ("BOE") and Todd Gober, who is the varsity womens' volleyball coach at Mascoutah High School, committed unlawful discrimination, retaliation, and free speech violations. (Doc. 1). More specifically, Plaintiff alleges discrimination and retaliation by the BOE under 20 U.S.C. § 1681 (Counts I and II), discrimination by the BOE under 42 U.S.C. § 1983 (Count III), a violation of the right to free speech by the BOE under the First Amendment and 42 U.S.C. § 1983 (Count IV), discrimination by Gober under 42 U.S.C. § 1983 (Count V), a violation of the right to free speech by Gober under the First Amendment and 42 U.S.C. § 1983 (Count VI), discrimination and retaliation by the BOE

under the Illinois Civil Rights Act (Counts VII and VIII), and the intentional infliction of emotional distress by each Defendant (Counts IX and X). (Doc. 1, generally).

Now, the Agreed Motion indicates, to properly defend against the allegations in the Complaint, Defendants' attorney seeks to obtain Plaintiff's student records from Mascoutah Community Unit School District 19. (Doc. 27, pg. 1). Defendants' attorney also seeks to subpoena and procure Plaintiff's protected health information from her medical service providers and other entities. (Doc. 27, pg. 1). Plaintiff agrees the records and information are relevant. (Doc. 27, pg. 2). Thus, Plaintiff has no objection to Defendants obtaining the records and information. (Doc. 27, pg. 2). The parties note, under section 6(a)(5) of the Illinois School Student Records Act, Plaintiff's student records may be released by the Mascoutah Community Unit School District 19 under a court order. *See* 105 ILCS 10/6(a)(5); (Doc. 27, pg. 1). The parties further note HIPAA regulations provide a method by which covered entities may disclose medical records in response to a subpoena. (Doc. 27, pg. 2).[1] As a result, the parties agree to the language and scope of the Proposed Agreed Confidentiality Order, and ask that the Court adopt the Proposed Agreed Confidentiality Order for document productions in this case. (Doc. 27, pg. 3).

Under Rule 26(c)(1), parties may move for a protective order. *See* Fed. R. Civ. P. 26(c)(1). If good cause is shown, the Court may issue an order to protect the parties from

---

[1] The covered entity must receive satisfactory assurance that the party serving the subpoena made reasonable efforts to secure a qualified protective order that (1) prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which it was requested, and (2) requires the return to the covered entity or the destruction of the protected health information, including all copies, at the end of the litigation. *See* 45 C.F.R. § 164.512(e)(1)(ii)(B), (v); *see also Jackson v. Wexford Health Sources, Inc.*, 20-900, 2022 WL 3644158, *3 (S.D. Ill. August 24, 2022).

annoyance, embarrassment, oppression, or undue burden or expense, including an order specifying the terms for disclosures or discovery. *See* Fed. R. Civ. P. 26(c)(1)(B). The Court has the discretion to decide when a protective order is appropriate and the degree of protection required in a case. *See Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Even if the parties stipulate to the terms of a protective order, as is the case here, the parties must satisfy the good cause requirement contained in Rule 26(c)(1). *See Jepson, Inc. v. Makita Electr. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994); *accord In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 341 (N.D. Ill. 2008). This is because, under Rule 26(c), the Court's power to issue a protective order is derived from the good cause requirement. *See Jepson*, 30 F.3d at 858. When deciding whether to enter an agreed proposed protective order, the Court must independently determine whether good cause exists under Rule 26(c)(1). *See id*. Further, the Court cannot delegate to the parties, as a substitute for good cause, "virtual carte blanche" to seal their desired portions of the record. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999).

Here, consistent with the representations of the parties, the Agreed Confidentiality Order will serve to protect the highly sensitive and personal information of Plaintiff. The Court also notes that the Agreed Confidentiality Order is reasonably written. The Agreed Confidentiality Order, *inter alia*, operates to outline "Confidential Information" falling into certain delineated categories, cover documents and information implicated by the Illinois School Student Records Act and HIPAA regulations, create a certification of the party designating documents as Confidential Information, limit the use and disclosure of

3

Confidential Information in this litigation, outline a procedure for the parties to challenge "Confidential Information" designations, expressly state that the Court is not limited in its power to issue further orders concerning the disclosure of documents in discovery or at trial, and create obligations for the handling of Confidential Information at the conclusion of this litigation. The Agreed Confidentiality Order does not authorize the filing of any document under seal or affect the use of any document, material, or information in a proceeding before the Court. Instead, the Agreed Confidentiality Order sets forth processes for addressing those issues, if and when they arise. Further, if documents are filed under seal, the Agreed Confidentiality Order affords a right to the parties and members of the public to challenge the sealing of the documents.

For these reasons, the Court **FINDS** there is good cause for the Proposed Agreed Confidentiality Order under Rule 26(c)(1). The Court **GRANTS** the Agreed Motion and **ADOPTS** the Agreed Confidentiality Order at Doc. 28-1.

**SO ORDERED.**

Dated: December 5, 2022

s/ David W. Dugan
———————————————
DAVID W. DUGAN
United States District Judge