IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BROOKE JUNKER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 3:22-cv-1962-DWD |
| **MASCOUTAH COMMUNITY** ) | |
| **SCHOOL DISTRICT 19 BOARD OF** ) | |
| **EDUCATION and TODD GOBER,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Plaintiff's Motion to Quash Subpoenas ("Motion") (Doc. 30) and the parties' Joint Written Discovery Report ("JWDR"). In short, the parties have reached an impasse relating to the depositions noticed by Defendants. (JWDR, pg. 1).

Plaintiff argues Defendants, without obtaining leave of the Court under Federal Rule of Civil Procedure 30(a)(2), sent notices of depositions to 21 witnesses. (Doc. 30, pg. 2; JWDR, pg. 2). Plaintiff notes this represents three times the number of depositions Defendants may still take without leave of the Court under Rule 30(a)(2). (Doc. 30, pg. 2). Plaintiff objects and seeks to quash the deposition notices. (Doc. 30, pg. 3; JWDR, pg. 2).

In response, Defendants note that, based on the testimony of Plaintiff and her parents, "there are a very large number of witnesses who have personal knowledge of the allegations in the complaint." (JWDR, pg. 4). Defendants wish to preserve their testimony under oath. (JWDR, pg. 4). Although certain witnesses have reached out to Defendants and their attorneys, Defendants submit that there is no guarantee those

witnesses would repeat their testimony under oath. (JWDR, pg. 4). Defendants suggest, based on Plaintiff's disclosures, the depositions are necessary. (JWDR, pg. 4).

Under Rule 30(a)(2)(A)(i), "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)…if the parties have not stipulated to the deposition and…the deposition would result in more than 10 depositions being taken under this rule or Rule 31…by the defendants." Fed. R. Civ. P. 30(a)(2)(A)(i). Here, Defendants do not deny that they noticed depositions, beyond the 10 allowed by the Federal Rules of Civil Procedure, without obtaining leave of the Court. The Court **FINDS** that procedural failure renders the deposition notices invalid. *See In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 531 (N.D. Ill. 2005) (finding, even though the plaintiffs attempted to comply with Rule 30(a)(2)(B) after noticing a second deposition, the notice was invalid "[b]ecause the plaintiffs issued the[] notice…without first seeking leave of the court"); *In re Sulfuric Acid Antitrust Litigation*, No. 3-cv-7576, MDL No. 1536, 2005 WL 1994105, *2 (N.D. Ill. Aug. 19, 2005) (same); *Forsythe Racing Team, Inc. v. Player's Co., Inc.*, No. 4-cv-2102, 2008 WL 1932191, *1 (S.D. Ind. April 30, 2008) (same); *Menendez v. Wal-Mart Stores East L.P.*, No. 10-cv-53, 2012 WL 2159223, (N.D. Ind. June 13, 2012) ("Plaintiffs failed to procedurally comply with Rule 30(a)(2) by seeking and obtaining leave of Court to serve the second notice."); *Am. Hardware Mfrs. Ass'n. v. Reed Elsevier, Inc.*, No. 3-cv-9421, 2007 WL 4224340, *1 (N.D. Ill. Nov. 21, 2007) (agreeing that leave of the Court is required under Rule 30(a)(2)(B)); *Subil v. U.S. Marshal*, No. 4-cv-257, 2008 WL 4372404, *1 (N.D. Ind. Sept. 19, 2008) (stating, "[i]f, before he was deposed, [the plaintiff] had filed a written objection to being deposed without leave of court, this court

would have upheld the objection and required the defendant to request leave of court pursuant to Fed. R. Civ. P. 30(a)."). The Court expresses no opinion as to whether Defendants should be allowed to take more than 10 depositions in this case. If Defendants still desire to do so, in the absence of a resolution between the parties without Court involvement, then they must file a motion that seeks the leave of the Court and details why the depositions are appropriate and necessary under those governing authorities.

For these reasons, Plaintiff's Motion is **GRANTED** and her objection is **SUSTAINED**.

**SO ORDERED.**

Dated: July 6, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge