IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BROOKE JUNKER,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) ) Case No. 3:22-cv-1962-DWD |
| **MASCOUTAH COMMUNITY SCHOOL DISTRICT 19 BOARD OF EDUCATION and TODD GOBER,** | ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff is a female who was a senior on the Mascoutah High School girls' volleyball team in the fall of 2021. (Doc. 1, pgs. 1, 4). Defendant Gober, who had been the varsity head coach since 2014, allegedly subjected the team members to "demoralizing and degrading activities." (Doc. 1, pgs. 1-2, 4-6). Plaintiff eventually met with a counselor at Mascoutah High School about her experience on the team. (Doc. 1, pgs. 2, 6). Defendant Gober allegedly became aware of that meeting, and of the meetings of three other seniors with the counselor, then "scolded" the four seniors and imposed conditions on their ability to remain on the team. (Doc. 1, pgs. 8-10). Despite Plaintiff's parent's reports to and meetings with Defendant Gober and/or other Mascoutah High School officials, the Mascoutah Community School District 19 Board of Education ("District") allegedly failed to take action to protect Plaintiff or discipline Defendant Gober. (Doc. 1, pgs. 2, 8, 11-15).

Plaintiff filed a Complaint (Doc. 1) against Defendants, alleging: (1) violations of Title IX, 20 U.S.C. § 1681, due to sex discrimination and retaliation by the District (Counts

I & 2); (2) violations of 42 U.S.C. § 1983 due to sex discrimination and infringements of the right to free speech by the District (Counts III & IV); (3) violations of 42 U.S.C. § 1983 due to sex discrimination and infringements of the right to free speech by Defendant Gober (Counts V & VI); (4) violations of the Illinois Civil Rights Act (740 ILCS 23/1 *et seq.*) due to sex discrimination and retaliation by the District (Counts VII & VIII); and (5) the intentional infliction of emotional distress by each Defendant under Illinois law (Count IX & X). Defendants motioned to dismiss under Federal Rule of Civil Procedure 12(b)(6).

On July 31, 2023, the Court denied Defendants' Motion to Dismiss. (Doc. 38). On August 24, 2023, the Court was informed in a Report of Mandatory Mediation (Doc. 41) that the case had settled, but additional time was needed to consummate the settlement. The parties sought a 60-day order, which was entered on August 24, 2023. (Doc. 42).

On September 13, 2023, Plaintiff filed a Sealed Motion for Protective Order to File Under Seal (Sealed Doc. 43), which seeks a protective order allowing sealed briefing of a Motion to Enforce the Parties' Settlement Agreement and Motion for Sanctions.[1] Plaintiff notes, after signing the Settlement Term Sheet, Defendant Gober and his wife filed a state court lawsuit against Plaintiff and her parents in St. Clair County, Illinois. (Sealed Doc. 43, pgs. 2-3). That action allegedly "directly, intentionally, willfully, and wantonly violated the terms of the Settlement Term Sheet, the mediation requirements of good faith and civility, Federal Rule 13, and…Illinois' Citizen Participation Act." (Sealed Doc. 43, pgs. 2-3). Plaintiff notes the state court lawsuit "has already picked up media attention,"

---

[1]Plaintiff's Motion to Enforce the Settlement Agreement and Motion for Sanctions, which she seeks to file upon the Court's resolution of the instant Motion, was submitted as an Exhibit. (Sealed Doc. 44).

and she "must reveal certain details deemed confidential under the mediation and settlement terms as well as…[a] state protective order" to effectively support a motion to enforce the parties' settlement agreement and motion for sanctions. (Sealed Doc. 43, pg. 3). Plaintiff's request will purportedly "serve[] a legitimate and compelling interest of protecting a bargained for and binding non-disclosure and non-disparagement contracted interest." (Sealed Doc. 43, pg. 3). The request will also allegedly avoid disclosures of confidential information to the public and keep compliance with the non-disclosure, non-disparagement, and confidentiality agreements. (Sealed Doc. 43, pg. 3).

Plaintiff did not indicate Defendants' position on the Sealed Motion for Protective Order to File Under Seal (Sealed Doc. 43). Therefore, on September 15, 2023, the Court directed Defendants to file a Sealed Response to that Sealed Motion on or before September 28, 2023. Defendants did so on September 27, 2023, indicating "they have no objection to Plaintiff's motion being file under seal and agree that the settlement discussion and motion should be kept under seal." (Sealed Doc. 49).

Now, secrecy in judicial proceedings is disfavored because, generally, it renders it difficult for the public to understand why the case was brought, why it was litigated, the interests at stake, and whether the outcome was proper. *See GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014). As a result, public access to the judicial record constitutes a social interest and not solely a concern of the litigants. *See id.*; *see also Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (Posner, J., Chambers Opinion.) ("[P]ublic access to the judicial record…enable[s] interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts,

3

to understand judicial decisions, and to monitor the judiciary's performance of its duties."). Indeed, documents affecting the disposition of federal litigation are presumptively open to public view, and courts are not bound by the litigants' agreement to seal documents from the public record. *See GEA Group AG*, 740 F.3d at 419-20 (quoting *In re Specht*, 622 F.3d 967, 701 (7th Cir. 2010)); *accord Goesel*, 738 F.3d at 833. The aforementioned presumption can be overridden, however, by competing interests that demonstrate good cause, such as those related to trade secrets and, in some cases, settlement agreements. *See GEA Group AG*, 740 F.3d at 420; *Thomas v. ooShirts, Inc.*, No. 21-cv-2519, 2022 WL 4367441, *4 (S.D. Ind. Sept. 20, 2022). Further, the presumption only applies to materials forming the basis of the parties' dispute and the Court's resolution, as opposed to "other materials that may have crept into the record." *See Goesel*, 738 F.3d at 833 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

If a settlement agreement is made without court action, *i.e.*, without approval, disapproval, or approval with modifications, then "there will rarely be a good reason to require that its terms be made public," as nothing would be revealed about judicial activity. *See id.* at 834 (citing *LEAP Systems, Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994)). However, "when judicial approval of the terms is required, or they become an issue in a subsequent lawsuit, *or the settlement is sought to be enforced*," the settlement terms are of potential public interest. *See id.* (Emphasis added.) (citing *Herrnreiter v. Chicago Housing Authority*, 281 F.3d 634, 636-37 (7th Cir. 2002); *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002); *Union Oil Co. v. Leavell*,

4

220 F.3d 562, 568 (7th Cir. 2000); *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1015-16 (11th Cir. 1992)); *accord Bank of America, N.A. v. Cartwright*, No. 21-cv-184, 2022 WL 4368525, *5 (N.D. Ind. Sept. 6, 2022). Judge Posner was of the opinion, in *Goesel*, that "the presumption of a right of public access to court documents should apply" in all such cases. *See Goesel*, 738 F.3d at 834. It is important to note, too, that it is generally inadequate, as a basis for sealing documents from the public record, for the parties to merely note that they have a confidentiality agreement. *See id.* ("In neither case have they offered any reason for secrecy except that they have a confidentiality agreement. Obviously that's insufficient."); *Thomas*, 2022 WL 4367441, *4 (S.D. Ind. Sept. 20, 2022) (stating "simply designating information as confidential is insufficient to permit under-seal filing" in a case where that was "the only reason" provided by the defendant for maintaining the documents in question under seal); *Lenzner v. Von Briesen & Roper SC*, No. 21-cv-133, 2021 WL 6197839, *1 (E.D. Wisc. Dec. 30, 2021) ("This court previously has cited Seventh Circuit law emphasizing 'that the parties must give the court a reason for not disclosing the documents beyond the fact that they don't want them disclosed.' "); *Gonzales v. Home Nursery Inc.*, No. 14-cv-1140, 2016 WL 6705447, *1 (S.D. Ill. Sept. 22, 2016) (stating in case where a settlement agreement contained a confidentiality clause, "[t]he mere fact that the parties agreed to keep matters mum can't alone override the interest of the public—that kind of hole would render the right to public documents a dead letter").

Here, the Court finds Plaintiff has failed to show good cause for the sealing of filings related to any potential Motion to Enforce the Settlement Agreement and Motion for Sanctions (Sealed Doc. 44). Aside from passing references to media attention, the only

bases provided to the Court for that relief are the existence of non-disclosure, non-disparagement, and confidentiality agreements between the parties as well as associated concerns.[2] As the above authorities make clear, those bases alone are insufficient to outweigh the public's interest in these judicial proceedings, *i.e.*, in the Court's decision on any motion to enforce a settlement agreement. Accordingly, the Sealed Motion for Protective Order to File Under Seal (Sealed Doc. 43) is **DENIED without prejudice**. If Plaintiff seeks to file the Motion to Enforce the Settlement Agreement and Motion for Sanctions, then neither that filing nor any responses and replies may be sealed.

**SO ORDERED.**

Dated: October 3, 2023

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge

---

[2]There is no suggestion that the filings related to the Motion to Enforce the Settlement Agreement and Motion for Sanctions should be sealed due to potentially sensitive details about the Complaint's claims.